UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

Plaintiff,

-vs-                                                                      Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. #40) filed on

August 12, 2010.  Defendant 7-Eleven, Inc's Opposition (Doc. #42) was filed on August 18, 2010.

The Motion is now ripe for review.

This is a disability discrimination case arising out of Plaintiff James Soliday's termination

from employment with Defendant 7-Eleven.  Plaintiff served his Second Request for Production on

Defendant on April 30, 2010.[1]  Therein, Plaintiff requested: (1) all of Defendant's state and federal

tax returns for the last five (5) years; (2) all of Defendant's financial statements for the last five (5)

years; and (3) all of Defendant's year end balance sheets for the last five (5) years.  Defendant

objected to each of these requests on the grounds that all of the requests are made in connection with

Plaintiff's demand for punitive damages and such discovery is not relevant until at least the second

phase of litigation as held by several district court cases in Florida.  Plaintiff filed the instant Motion

to Compel the production of the financial worth information.

---

[1]Plaintiff inadvertently entitled it "Plaintiff's Second Request for
Production."  It was actually Plaintiff's Third Request for Production.

It is well-recognized that Florida Statute 768.72 requires that a plaintiff first proffer evidence showing a reasonable basis for a punitive damages claim before the court can allow financial worth discovery to proceed.  *See* <u>Gallina v. Commerce and Industry Ins.</u>, 2008 WL 3895918, *5 (M.D. Fla. Aug. 15, 2008) (citing <u>Porter v. Ogden, Newell & Welch</u>, 241 F.3d 1334, 1340 (11th Cir. 2001)); Florida Statute 768.72 is substantive law that is given effect under the <u>Erie</u> doctrine in federal diversity actions.  <u>Al-Site Corp. v. VSI Intern., Inc.</u>, 842 F. Supp. 507, 510 (S.D. Fla. 1993); <u>Fletcher v. State of Fla.</u>, 858 F. Supp. 169, (M.D. Fla. 1994). ("Florida Statute § 768.72 is substantive and can be applied by Federal District Courts").  The <u>Gallina</u> court noted that "district courts within the [eleventh] circuit have recognized the importance of the statute's protection against unwarranted financial worth discovery." <u>Id.</u>  *See e.g.* <u>Neill v. Gulf Stream Coach</u>, 966 F. Supp. 1149, 1155-56 (M.D. Fla. 1997) (recognizing that it was the legislature's intent that Section 768.72 provides a substantive legal right not to be exposed to financial worth discovery without a prior judicial determination that a reasonable evidentiary basis exists for the claim).

In this case, Plaintiff has presented the Court with no evidence that punitive damages are warranted.  Rather, he simply prays for punitive damages in his Amended Complaint.  Thus, the Court will not allow discovery of Defendant's financial worth at this time.  The issue of whether punitive damages discovery may be taken will properly be before this Court if Plaintiff makes a proffer of evidence, or Defendant files a motion to dismiss or strike the punitive damages claim.  At that point Plaintiff would have to present the Court with evidence to support his punitive damages claim.  *See* <u>Porter</u>, 241 F.3d at 1341 ("[T]he Florida courts entertain the punitive damages issue by way of a motion to dismiss or a motion to strike not a summary judgment motion.").  Once the evidence is presented by Plaintiff, the Court "looks only to whether [plaintiff's] proffered evidence

satisfies its preliminary burden of showing a 'reasonable basis for recovery' of punitive damages so as to permit further discovery on the issue." <u>Royal Marco Point I Condominium Assoc., Inc. v. QBE Insurance Corp.</u>, 2010 WL 2609367, *2 (M.D. Fla. June 30, 2010).  Once Plaintiff has shown a substantial enough basis for its punitive damages claim, additional discovery on that issue may proceed.

Thus, the Court will defer discovery of Defendant's financial records until the Court deems it necessary.  Defendant 7-Eleven indicated in its opposition brief that the request for five-years worth of financial information was "extremely burdensome."  Since the Court may at some point in the future determine that punitive damages discovery is warranted, Defendant is on notice and should gather its financial information in order to expedite the production of such information if and when it must be produced.

Finally, Defendant's request for attorney's fees incurred in opposing the instant Motion is denied.  The Court finds that Plaintiff's position was not entirely without foundation such that an award of attorney's fees would be justified.  *See* <u>Armstrong v. Anatnal, Inc.</u>, 2009 WL 4510110, *2 (S.D. Fla. Nov. 30, 2009) (quoting <u>Devaney v. Continential Amer. Ins. Co.</u>, 989 F.2d 1154, 1163 (11th Cir. 1993)) ("Discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action'").  Accordingly, it is now

**ORDERED:**  Plaintiff's Motion to Compel (Doc. #40) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of August, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record