UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

           Plaintiff,

vs.                        Case No. 2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Disparate Impact Claims (Count III and Count VI) in the Amended Complaint (Doc. #45) filed on August 24, 2010. Plaintiff filed a Response in Opposition (Doc. #49) on September 1, 2010. Defendant seeks to dismiss Counts III and Count IV of the Amended Complaint because the claims exceed the scope of the Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the

plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Defendant argues that the EEOC Charge "suggests only intentional, not unintentional, discrimination" because the allegations are personal to plaintiff and do not allege an impact on a group.  (Doc. #45, pp. 6-7.)  Therefore, defendant argues, the claim was not exhausted and exceeds the scope of the Charge.

A three-step analysis is employed for a disparate impact claim:  (1) "a plaintiff must show by a preponderance of the evidence that a facially neutral employment practice had a substantial adverse impact upon a protected group"; (2) if shown, "the burden of persuasion shifts to the defendant to show that its practice is a business necessity"; and (3) if established, "the burden of persuasion then shifts to the plaintiff to show the availability of other alternatives with a lesser adverse impact which would serve the defendant's legitimate needs or that the

defendant was using the practice as a pretext for discrimination." <u>Kilgo v. Bowman Transp., Inc.</u>, 789 F.2d 859, 867-868 (11th Cir. 1986). Plaintiff must establish a neutral employment practice that visits a disproportionate impact on a protected group of which plaintiff is a member. <u>EEOC v. Joe's Stone Crab, Inc.</u>, 220 F.3d 1263, 1274 (11th Cir. 2000). The neutral practice must have been without a "deliberately discriminatory motive" but "functionally equivalent to intentional discrimination." <u>Watson v. Fort Worth Bank & Trust</u>, 487 U.S. 977, 987 (1988). To make a prima facie case, plaintiff must offer statistical evidence to show that the practice caused "the exclusion of applicants for jobs or promotions because of their membership in a protected group." <u>Id.</u> at 994; <u>Hallmark Developers, Inc. v. Fulton County, Ga.</u>, 466 F.3d 1276, 1286 (11th Cir. 2006).

The Charge of Discrimination (Doc. #28-2) was submitted with the proposed Amended Complaint (Doc. #33)[1] and provides the following particulars:

> I.  I am a qualify [sic] individual with a disability. I was employed by the former Respondent on January 11, 1982, as a Career Development Trainee. I believe I was terminated on August 18, 2008, from my position of Field Consultant, due to my disability. Based on my disability. I am unable to use a standard telephone; therefore I rely on texting from pagers and cell phones when I'm mobile.

---

[1] The Magistrate Judge granted leave to amend the complaint and directed the Clerk to file the Amended Complaint, however the Charge of Discrimination, an exhibit to the proposed Amended Complaint, was not filed with the Amended Complaint (Doc. #33). The Clerk will be directed to correct the docket.

> The texting device was provided to me by the previous management. When the new Market Manager, Terry Hutchi~~n~~son, came he discontinued the use of text pagers for my managers and me. I informed him that this is how we communicate and he stated that Franchisees wouldn't use pagers. Mr. Hutchi~~n~~son instructed me to purchase a blackberry, and when I did he would not text me, when he communicates with the other Field Consultants. He then said to me that he would no longer pay for my stores fax machines, which I used to retrieve number data from the store level. I voiced my concern numerous times about the difficulties it was causing me to be without those devices, but it did not matter. After it was announced I was getting a Franchisee~~s~~, I was terminated.
>
> II. Mr. Hutchinson called me in his office and terminated me, with no warning or documentation.
>
> III. I believe I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990.

(Doc. #28-2)(stricken text in original).

The Charge identifies a new policy of discontinuing the use of text pagers and fax machines for all Franchisees; and provides that plaintiff is a qualified individual with a disability who relied upon the devices to communicate because he cannot use a standard telephone.[2]  The Court finds that a facially neutral policy of eliminating electronic communication devices is identified in the Charge, and plaintiff identified a disproportionate impact on disabled individuals such as himself, without specifying or using

---

[2]In the Amended Complaint (Doc. #33), plaintiff alleges that defendant implemented policies and/or took actions to eliminate text pagers and facsimile machines, and conducted more conference calls, and that these policies had the effect of discriminating against disabled employees, including plaintiff. (Doc. #33, ¶¶ 82-83, 115-116.)

the terms "intentional" or "disparate treatment." Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006)("plaintiff's administrative charge will be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger"). See, e.g., McClain v. Lufkin Indus., Inc., 519 F.3d 264 (5th Cir. 2008)(finding exhaustion when close call); Allen v. Highlands Hosp. Corp., 545 F.3d 387 (6th Cir. 2008)(same). The Court does not find that the use of "my" and "me" in the Charge by an unrepresented individual limits the Charge to an intentional allegation of discrimination. Therefore, the Court finds that plaintiff exhausted the disparate impact claims.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Disparate Impact Claims (Count III and Count VI) in the Amended Complaint (Doc. #45) is **DENIED.**

2. The Clerk is directed to correct the docket to add the Charge of Discrimination (Doc. #28-2) as an attachment to the Amended Complaint (Doc. #33).

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of September, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record