UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

           Plaintiff,

vs.                              Case No. 2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

           Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel (Doc. #50) filed on September 10, 2010. Defendant filed a response on September 22, 2010. (Doc. #56.) Plaintiff objects to the Magistrate Judge's Order (Doc. #46) denying his Motion to Compel (Doc. #40) seeking defendant's financial net worth.

    A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Relying on Florida Statute 768.72 and case law addressing diversity actions, the Magistrate Judge found no evidence that punitive damages were warranted aside from a prayer in the Amended Complaint, and she determined "[o]nce Plaintiff has shown a substantial enough basis for its punitive damages claim, additional discovery on that issue may proceed." The Magistrate

Judge further noted that discovery would be deferred as to defendant's financial record "until the Court deems it necessary."

In the Amended Complaint (Doc. #33), Counts I through III are brought under the Americans with Disabilities Act of 1990 (ADA), Counts IV, V, VI, and VIII are brought under the Florida Civil Rights Act (FCRA), and VII is brought under the Age Discrimination in Employment Act (ADEA).  For the ADA claims, plaintiff seeks punitive damages pursuant to 42 U.S.C. § 1981a, and for the non-age related counts under the FCRA, plaintiff seeks punitive damages pursuant to Fla. Stat. § 760.01, *et seq*.  The Amended Complaint presents a federal question and is not based upon diversity of the parties, therefore Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) has no application to this case.  See also Ward v. Estaleiro Itajai, S/A, No. 05-61821-CIV, 2008 WL 2414925, *1 (S.D. Fla. June 12, 2008)(legal question of whether Florida statute applies to *discovery* of financial worth in federal court remains unanswered).

Under 42 U.S.C. § 1981a, a plaintiff asserting a violation of the ADA for "unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact)" "may recover punitive damages under this section against a respondent [ ] if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected

rights of an aggrieved individual." 42 U.S.C. § 1981a(a)(2), (b)(1). To show punitive damages are appropriate, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999).

In this case, plaintiff has pled punitive damages in the Amended Complaint, and defendant's financial worth may be reasonably calculated to support plaintiff's claim for punitive damages. See, e.g., Lane v. Capital Acquisitions, 242 F.R.D. 667, 669 (S.D. Fla. 2005)(discovery of net worth permitted when punitive damages sought in employment discrimination suit); Gutescu v. Carey Int'l, Inc., No. 01-4026-CIV, 2003 WL 25589030 (S.D. Fla. June 19, 2003)(same); Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2008 WL 4500258, *4 (S.D. Fla. Oct. 3, 2008)(finding production of net worth appropriate under Fed. R. Civ. P. 26); LeBlanc v. Bryan Imports, Inc., No. CIV.A.99-3769, 2000 WL 628740, *4 (E.D. La. May 15, 2000) (under federal law, evidence of financial worth and ability to pay admissible to evaluate the amount of punitive damages).

The motion to compel will be recommitted to the Magistrate Judge to determine whether the motion should be granted under the legal standards articulated herein and with due consideration to defendant's Opposition to Plaintiff's Motion to Compel (Doc. #42).

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel (Doc. #50) is **sustained** and the Order (Doc. #46) denying the motion to compel is **vacated.**

2.  Plaintiff's Motion to Compel (Doc. #40) is **recommitted** to the Magistrate Judge to make a determination under the legal standard articulated above.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of October, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record