UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,,

          Plaintiff,

-vs-                                                  Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,,

          Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. #40) filed on August 12, 2010.  On August 27, 2010, the undersigned denied Plaintiff's Motion (Doc. #46).  Plaintiff subsequently filed Rule 72(a) objections and appealed the findings to the District Court.  On October 4, 2010, the District Court sustained Plaintiff's objections and vacated the Order denying Plaintiff's Motion to Compel and recommitted the Motion to the undersigned to make a determination under the legal standard articulated in its Order.

This is a disability discrimination case arising out of Plaintiff James Soliday's termination from employment with Defendant 7-Eleven.  Plaintiff served his Second Request for Production on Defendant on April 30, 2010.[1]  Therein, Plaintiff requested: (1) all of Defendant's state and federal tax returns for the last five (5) years; (2) all of Defendant's financial statements for the last five (5) years; and (3) all of Defendant's year end balance sheets for the last five (5) years.  Defendant has

---

[1] Plaintiff inadvertently entitled it "Plaintiff's Second Request for Production."  It was actually Plaintiff's Third Request for Production.

refused to produce this information, arguing relevance and burdensome objections. Plaintiff filed the instant Motion to Compel the production of the financial worth information.

The term "relevancy" under Federal Rule 26 has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). As the District Court recognized, "in this case, plaintiff has pled punitive damages in the Amended Complaint, and defendant's financial worth may be reasonably calculated to support plaintiff's claim for punitive damages." (Doc. #57 at 3). See, e.g., Lane v. Capital Acquisitions, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (discovery of net worth permitted when punitive damages sought in employment discrimination suit); Gutescu v. Carey Int'l, Inc., No. 01-4026-CIV, 2003 WL 25589030 (S.D. Fla. June 19, 2003); Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2008 WL 45500258, *4 (S.D. Fla. Oct. 3, 2009); LeBlanc v. Bryan Imports, Inc., No. CIV.A.99-3769, 2000 WL 628740, *4 (E.D. La. May 15, 2000). With regard to tax returns, it has been recognized that "several courts within the Eleventh Circuit have held that a moving party does not have to demonstrate a 'compelling need' to compel the production of tax returns; rather, only a showing of relevancy is required." Preferred Care, 2008 WL 4500258, at *4 (citations omitted). Thus, the Court finds that Plaintiff is entitled to financial worth discovery.

Even if financial worth discovery is allowed, Defendant argues that the requests are overbroad, burdensome, and overly intrusive as they seek five years of financial information. The objecting party has the burden to show that the requests are unduly burdensome. "The mere fact that compliance . . . will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial

of the motion." Lane, 242 F.R.D. at 670. In Lane, the court found that the objecting party had not met its burden of showing the requests were unduly burdensome even though the objecting party would have to search, locate, and produce financial records. Id. Defendant 7-Eleven is in a comparable situation in this case and the fact that it will have to search for and produce these financial documents does not establish that the request is unduly burdensome.

Defendant also argues that the request is overbroad because it seeks five years of financial information. "Only current financial documents are relevant to a claim for punitive damages." Id. (holding that some of Plaintiff's discovery requests were overbroad on their face because they sought financial records for a five-year period). See also Indus. Elec. Eng'g & Testing Co. v. Dynalectric Co., 1990 WL 80411, *1 (D. Kan. 1990) (holding that a request for financial data spanning a five-year period is excessively broad and irrelevant to a claim for punitive damages). In Lane, the court required defendant to produce two years of financial records, instead of five. Id. Therefore, in this case the Court finds that the request for five years of financial information is overbroad in time and scope. The Court will allow the disclosure of the requested financial information for the last three years. Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel (Doc. #40) is **GRANTED** in part. Defendant shall produce its state and federal tax returns, financial statements, and year-end balance sheets for the last **three** years on or before **November 19, 2010**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record