UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

                    Plaintiff,

vs.                                    Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Objections to Magistrate Judge's October 5, 2010 Order Granting Plaintiff's Motion to Compel Financial Worth Documents (Doc. #60) filed on October 12, 2010.  Plaintiff filed a Response (Doc. #62) on October 26, 2010.  Defendant objects to the Magistrate Judge's Order (Doc. #59) granting in part plaintiff's Motion to Compel (Doc. #40) financial net worth documents from defendant based upon the requested punitive damages.  In her Order (Doc. #59), the Magistrate Judge determined that plaintiff was entitled to financial worth discovery, but reduced the time period of the documents from the five years requested to three years.  Defendant was ordered to produce state and federal tax returns, financial statements, and year end balance sheets for the past three years.

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A);

Fed. R. Civ. P. 72(a).   Control of discovery in a civil case is
committed to the sound discretion of the court.   Chrysler Int'l
Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002).   The Court
finds that the Magistrate Judge applied the correct law and that
her decision was not clearly erroneous.   In light of a concession
by plaintiff after the Order, the Court will modify defendant's
discovery obligation as set forth below.

A reviewing court applies an abuse of discretion standard in
its review of a decision on a motion to compel.   Holloman v. Mail-
Well Corp., 443 F.3d 832, 837 (11th Cir. 2006).   A court abuses its
discretion if it applies an incorrect legal standard, follows
improper procedures in making the determination, makes findings of
fact that are clearly erroneous, misconstrues its proper role,
ignores or misunderstands the relevant evidence, bases its decision
upon considerations having little factual support, or makes a clear
error of judgment.   Morgan v. Family Dollar Stores, Inc., 551 F.3d
1233, 1260 (11th Cir. 2008); Serra Chevrolet, Inc. v. GMC, 446 F.3d
1137, 1146-47 (11th Cir. 2006); Peat, Inc. v. Vanguard Research,
Inc., 378 F.3d 1154, 1159 (11th Cir. 2004).   Absent such
situations, discretion means that a court is allowed a range of
choices, and should not be second-guessed.   Holloman, 443 F.3d at
837.   "A district court's decisions regarding discovery may only be
disturbed upon a showing of substantial harm to the party seeking
relief."   Jerome v. Marriott Residence Inn Barcelo Crestline/AIG,

211 Fed. Appx. 844, 848 (11th Cir. 2006)(citing <u>Edward Leasing</u> <u>Corp. v. Uhlig & Assocs., Inc.</u>, 785 F.2d 877, 881 (11th Cir. 1986)).

Under the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1).  The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>  This phrase is to be construed broadly, <u>Nat'l Serv. Indus., Inc. v. Vafla Corp.</u>, 694 F.2d 246, 250 (11th Cir. 1982), but discovery "should be tailored to the issues involved in the particular case," <u>Washington v.</u> <u>Brown & Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1570 (11th Cir. 1992).

In most cases, financial discovery is not appropriate until after judgment.

> Information about the financial status of a putative defendant would be interesting to any person or agency considering a civil suit for damages. Under most circumstances, however, a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered. [ ] [Defendant's] financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the contemplated lawsuit.

FTC v. Turner, 609 F.2d 743, 745 (5th Cir. 1980)(citation omitted).[1]   When punitive damages are sought, however, a defendant's financial condition becomes relevant.

> Under Florida law, the purpose of punitive damages is not to further compensate the plaintiff, but to punish the defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future. [ ] The Supreme Court of Florida, therefore, has determined that the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award: an award must be reviewed to ensure that it bears some relationship to the defendant's ability to pay and does not result in economic castigation or bankruptcy of the defendant. [ ] While it is not an accurate rule of law that the greater a defendant's wealth, the greater must be punitive damages, [ ] a jury may properly punish each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt. [ ]

Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1216 (11th Cir. 2010)(internal citations and quotation marks omitted).

Similarly, under federal law "[p]unitive damages are generally available for willful or intentional violations of a common law or statutory duty, and their purpose is to punish and deter the wrongdoer rather than to compensate the aggrieved party." Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000).

Under 42 U.S.C. § 1981a, a plaintiff asserting a violation of the ADA for "unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact)" "may

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recover punitive damages under this section against a respondent [
] if the complaining party demonstrates that the respondent engaged
in a discriminatory practice or discriminatory practices with
malice or with reckless indifference to the federally protected
rights of an aggrieved individual."   42 U.S.C. § 1981a(a)(2),
(b)(1).   To show punitive damages are appropriate, "an employer
must at least discriminate in the face of a perceived risk that its
actions will violate federal law to be liable in punitive damages."
Kolstad v. ADA, 527 U.S. 526, 536 (1999).

As the Magistrate Judge correctly found, financial worth is
relevant to the issue of punitive damages as pled in the Amended
Complaint.  The Eleventh Circuit has stated that "in civil cases,
we have not required a showing of compelling need before tax
information may be obtained by a party in discovery, but instead
have determined that such information need be only arguably
relevant." Erenstein v. SEC, 316 Fed. Appx. 865, 869-70 (11th Cir.
2008)(citing Maddow v. P & G, Co., 107 F.3d 846, 853 (11th Cir.
1997)).  Because of its increased potential for abuse, however,
courts typically require a plaintiff to establish a reasonable
basis supporting punitive damages before allowing financial worth
discovery, although the required showing is not overly strenuous.
Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir.
2001). The Court finds, based upon its review of the Amended

Complaint and the other filings in the court record, that plaintiff has established a reasonable basis for the punitive damages.

The scope of discovery, whether merits or financial worth, is also within the discretion of the court.  "The scope of allowable discovery is determined by the claims (and defenses) raised in the case."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 n.37 (11th Cir. 1997).  A court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(c)(iii).  Absent a showing of particularized need, merits discovery is often limited to the unit of the company at issue in a discrimination case.  Brown v. Am. Honda Motor Co., 939 F.2d 946, 954 (11th Cir. 1991).  That is not always appropriate, however, given "the liberal spirit of the [Federal] Rules."  Adkins v. Christie, 488 F.3d 1324, 1331 (11th Cir. 2007)(citation omitted)(reversing discovery order allowing discovery for a five year period instead of the requested seven year period and restricting discovery to the unit involved instead of the whole employer).  See also United States ex rel. Walker v. R & F Props. of Lake County, Inc., 433 F.3d 1349, 1358-59 (11th Cir. 2005)("if, in limiting the temporal scope of discovery, the district court 'made a clear error of judgment. . .or. . .applied an incorrect legal standard,' we must reverse that decision.")(quoting Peat, Inc. v. Vanguard Research, Inc., 378 F.3d

at 1159 (citing <u>Alexander v. Fulton County</u>, 207 F.3d 1303, 1326 (11th Cir. 2000))).

Contrary to defendant's argument, there is no binding authority limiting discovery of net worth information to the current one year period. <u>Lane v. Capital Acquisitions</u>, 242 F.R.D. 667, 669 (S.D. Fla. 2005), relied upon by defendant for that proposition, ordered discovery for more than a two year period. The Court finds the three year period ordered by the Magistrate Judge was reasonable given the issues in the case, and was well within the sound discretion of the court.

In his Response, plaintiff "concedes that state tax returns from states other than Florida have little to no bearing on this case." (Doc. #62, p. 2.) Therefore, the Court will remove the requirement of production of state tax returns other than Florida. The other documents are reasonably related to the punitive damages issue and will be produced. Defendant has shown no basis justifying delay of the production, or that such production is only to be made at trial.

Accordingly, it is now

**ORDERED**:

1. Defendant's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel (Doc. #60) are **OVERRULED**.

2. In light of plaintiff's concession, the Order (Doc. #59) shall be amended to direct that "Defendant shall produce its

Florida state and its federal tax returns, financial statements, and year-end balance sheets for the last **three** years on or before **November 19, 2010.**"

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record