## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JAMES SOLIDAY,

                Plaintiff,

-vs-                                        Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                Defendant.

_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. #61) filed on October 17, 2010.  Specifically, the Plaintiff filed this Motion to Compel responses to Plaintiff's Fourth Request for Production of Documents, Fifth Request for Production of Documents, and Seventh Request for Production of Documents.  The Defendant filed its Opposition to Motion to Compel on November 2, 2010 (Doc. #63), therefore the Motion is now ripe for review.

## Discussion

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries."  Id."Courts have long held that '[w]hile the standard of relevancy [in

discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

### (1) Plaintiff's Fourth Request for Production of Documents

#### (a) Request Numbers 2-4, 9, 10-12, 17

The Plaintiff moves the Court to Compel Defendant to produce documents for request numbers 2, 3, 4, 9, 10, 11, 12, and 17 of Plaintiff's Fourth Request for Production of Documents. Production request No. 2 reads:

> **Complete copy of the "inventory Control Book", including Inventory Management Report IMR S01, Shift Analysis and Control Logs from Store Nos. 10286, 20878, 25668, 26053, 26567, 32209, 32312, 32599 and 32781 from 2005 to the present.**

Production request No. 3 reads:

> **Complete copy of the "Receiving Logs/Merchandise Reports" from Store Nos. 10286, 20878, 25668, 26053, 26567, 32209, 32312, 32599 and 32781 from 2005 to the present.**

Production request No. 4 reads:

> **Complete copy of the "Employee Discussion Journal" for Store Nos. 10286, 20878, 25668, 26053, 26567, 32209, 32312, 32599 and 32781 from 2005 to the present.**

Production request No. 9 reads:

> **Copy of the "Store Action Plan Binder" for Store Nos. 10286, 20878, 25668, 26053, 26567, 32209, 32312, 32599 and 32781 from 2005 to the present.**

Production request Nos. 10-12 and 17, similar to the above, seek the "Inventory Control Books", "Receiving Logs/Merchandise Reports", "Employee Discussion Journals", and "Store Action Plan Binders" for Store Nos. 17148, 19194, 22859, 25084, 32200, 32296, 33194, 39913A, 39114A, 32291, and 34153.

For all of the above requests, the Defendant objects on the grounds that they are "overbroad, unduly burdensome, and seek information that is neither relevant nor likely to lead to the discovery of admissible evidence" to the extent they purport to seek information beyond the relevant time period. For request Nos. 2, 3, 9, 10, 11, and 17, the Defendant objects on the grounds that the cost and effort to respond to the request is relatively great given the information sought. For request Nos. 3 and 11, the Defendant objects on the grounds that the request is not narrowly tailored and seeks information not related to the issue of this lawsuit. For request Nos. 4 and 12, the Defendant objects on the grounds that the requests seek information regarding 7-Eleven employees that did not work with 7-Eleven during Plaintiff's tenure, did not work in Plaintiff's subgroup during the relevant time period, were not alleged to have discriminated against Plaintiff, or were not decision makers with respect to the termination of Plaintiff's employment. For request Nos. 4 and 12, the Defendant objects on the grounds that these

requests seek confidential information or seek disclosure of information that would be unlawful, violate privacy laws, or be in breach of confidentiality requirements. For request No. 10, the Defendant objects on the grounds that the Request seeks electronically stored information that is not readily accessible. For request Nos. 10, 11, 12, and 17, the Defendant objects on the grounds that the Request seeks information regarding stores beyond those in Plaintiff's subgroup during the relevant time period.

Regarding the Plaintiff's Fourth Request for Production of Documents, Defendant's objections to request Nos. 2, 3, 4, 9, 10, 11, 12, and 17 are not well taken. The Court finds each request is relevant and reasonably calculated to lead to the discovery of admissible evidence. Further, the Plaintiff has made a reasonable showing of relevance for the items requested, allowing the court, in its discretion, to grant discovery requests for documents after the relevant termination period.[1] Additionally, for the requests "beyond those in the Plaintiff's subgroup," the Court finds the Plaintiff has made a reasonable showing of relevance for the items requested. For any claims of privacy, the Court will Order that confidential information, specifically Social Security Numbers, addresses, phone numbers, and income information, is to be redacted from the documents due to be produced. Medical records are to be excluded from all files produced. Defendant is to produce the above requested documents, which are in Defendant's possession, custody, or control, that have not already been produced. Control being defined as a "party's legal right, authority, or practical ability to obtain the materials sought on demand."[2] As such, the Motion to Compel request Nos. 2, 3, 4, 9, 10, 11, 12, and 17 are due to be granted in

---

[1] Defendant asserted that most documents that would be discoverable from the relevant termination period are not available for discovery, therefore the only documents available to evaluate pretext on would be those currently available. (Doc. #63 at 5) ("Accordingly, the requested documents are not available from 2008, much less dating back to 2005.").

[2] In re Wright, 2005 WL 6488101 at *3 (N.D. Ga., 2005); see Searock v. Stripling, 738 F.2d 650 (11th Cir. 1984); see also Fin. Bus. Equip. Solutions, Inc. v. Quality Data Systems, Inc., 2008 WL 4663277 at *2 (S.D. Fla. 2008).

compliance with the instructions stated herein, and in compliance with any Confidentiality Agreement the parties may enter into.

*(b) Request Numbers 18-19, 21-24, 27-74*

The Plaintiff also moves the Court to Compel Defendant to produce documents for request numbers 18-19, 21-24, and 27-74 of Plaintiff's Fourth Request for Production of Documents. Production request No. 18 reads:

> **The complete personnel file of Sam Hilwy, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time.**

Production request No. 19 reads:

> **Any and all documents not included in the personnel file of Sam Hilwy which support, evidence, relate or otherwise pertain to his employment with Defendant, including but not limited to, documents relating to or reflecting job performance, awards, or discipline.**

Production request Nos. 27-28, similar to above, request records of a Field Consultant in 1554, the same market where Plaintiff was a Field Consultant. Production request Nos. 21-24, and 29-74 request the personnel files and other documents of Store Managers from Plaintiff's subgroup at the time of his termination, of Store Managers from Plaintiff's subgroup under succeeding Field Consultant, and of Store Managers in a different, but relevant and related, subgroup

For all of the above requests, the Defendant objects on the grounds that they are "overbroad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence." The Defendant also objects that the persons named in the requests were not decision makers with respect to the termination of Plaintiff's employ and are not a comparator because he did not hold the same position; therefore, confidential and private personnel files and other documents should not be discoverable. In addition, for request Nos. 19, 22 ,24, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 66, 68, 70, 72,

5

and 74, the Defendant objects on the grounds that the requests are "facially overbroad and thus 7-Eleven need not respond to it."

Regarding the Plaintiff's Fourth Request for Production of Documents, Defendant's objections to request Nos. 18-19, 21-24, and 27-74 are not well taken, with some limitations. The Court finds that none of the requests are unduly burdensome, and that each of the requests are relevant and likely to lead to the discovery of admissible evidence. Further, the Plaintiff made a reasonable showing of relevance as to the personnel files as they pertain to the pretext claim. However, for any claims of privacy, the Court will Order that confidential information, specifically Social Security Numbers, addresses, phone numbers, and income information, is to be redacted from the documents due to be produced. Medical records are to be excluded from all files produced. The Court does agree that request Nos. 19, 22 ,24, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 66, 68, 70, 72, and 74 are overbroad and, as a result, should be limited. The requests are to be limited to "[d]ocuments, not included in the personnel file of named person, which only relate to or reflect job performance, awards, or discipline." As such, the Motion to Compel request Nos. 18-19, 21-24, and 27-74 is due to be granted in compliance with the instructions stated herein, and in compliance with any Confidentiality Agreement the parties may enter into.

### *(2)  Plaintiff's Fifth Request for Production of Documents*

The Plaintiff moves the Court to Compel Defendant to produce documents for request numbers 1 and 2 of Plaintiff's Fifth Request for Production of Documents. Production request No. 1 reads:

> **The complete personnel file of Joe Sucharzewski, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time.**

Production request No. 2 reads:

> **Any and all documents not included in the personnel file of Joe Sucharzewski which support, evidence, relate or otherwise pertain to his employment with Defendant, including but not limited to, documents relating to or reflecting job performance, awards, or discipline.**

Defendant's objections to request Nos. 1 and 2 are similar, if not identical, to the objections made in request Nos. 18-19, 21-24, and 27-74 of Plaintiff's Fourth Request for Production of Documents.

Regarding the Plaintiff's Fifth Request for Production of Documents, Defendant's objections to request Nos. 1 and 2 are not well taken, but the Court finds some limitations are warranted.[3] The Court finds that none of the requests are unduly burdensome, and that each of the requests are relevant and likely to lead to the discovery of admissible evidence. Further, the Plaintiff made a reasonable showing of relevance as to the personnel files as they pertain to the pretext argument. However, for any claims of privacy, the Court will Order that confidential information, specifically Social Security Numbers, addresses, phone numbers, and income information, is to be redacted from the documents due to be produced. Medical records are to be excluded from all files produced. The Court does agree that request No. 2 is overbroad and, as a result, should be limited. Request No. 2 is to be limited to "[d]ocuments, not included in the personnel file of named person, which only relate to or reflect job performance, awards, or discipline." As such, the Motion to Compel request Nos. 1 and 2 is due to be granted in compliance with the instructions stated herein, and in compliance with any Confidentiality Agreement the parties may enter into.

---

[3] In Plaintiff's Fifth Request for Production of Documents, the Court notes that request Nos. 1 and 3 are requesting the same personnel files. The Court also notes that virtually the exact same objections were made to both requests, yet request No. 3 was produced and No. 1 required an Order compelling the production. By making the same objections to both and only producing the documents to one request, this leads the Court to believe the Defendant waived their objections to both, absent justification for a distinction between the two.

*(3) Plaintiff's Seventh Request for Production of Documents*

The Plaintiff moves the Court to Compel Defendant to produce documents for request numbers 1, 2, and 3 of Plaintiff's Seventh Request for Production of Documents. Production request No. 1 reads:

> **All Loss Prevention CSA's for Market 1554, including any notes, emails, recaps and supporting or related documentation, for 2006-2008.**

Production request No. 2 reads:

> **All Random CSA's for Market 1554, including any notes, emails, recaps and supporting or related documentation, for 2006-2008.**

Production request No. 3 reads:

> **Copies of all investigation reports (such as the one completed by Tim Hall relative to Store 32209), as well as all supporting documentation in connection with the report, completed by Loss Prevention for all of Market 1554 from 2006-2008.**

The Defendant objects to all three on the grounds that they are overbroad, unduly burdensome, and seek information that is neither relevant nor likely to lead to the discovery of admissible evidence. The Defendant also objects to all three on the grounds that they are overbroad as to time to the extent that they seek information beyond the relevant time period, and that the documents contain confidential information. The Defendant objects to request Nos. 1 and 2 on the grounds that the requests seek documents related to Loss Prevention CSA's or Random CSA's that do not involve 7-Eleven employees that held the same position as Plaintiff held during the relevant time period. Finally, Defendant objects to request No. 3 on the grounds that the request is vague and reasonably susceptible to more than one meaning.

Regarding the Plaintiff's Seventh Request for Production of Documents, Defendant's objections to request Nos. 1, 2 and 3 are not well taken, but the Court finds some limitations are warranted. The requests are not overbroad, or unduly burdensome. The Court finds the

information sought is relevant or likely to lead to the discovery of admissible evidence. In this case, the Plaintiff made a reasonable showing of relevance for the documents in request Nos. 1 and 2; therefore, the Defendant is required to produce the documents for the years of 2006 and 2007. For any claims of privacy, the Court will Order that confidential information, specifically Social Security Numbers, addresses, phone numbers, and income information, is to be redacted from the documents due to be produced. Medical records are to be excluded from all files produced. The Court also finds that request No. 3 is not vague and, due to the example given, not reasonably susceptible to more than one meaning. As such, the Motion to Compel request Nos. 1, 2, and 3 is due to be granted in compliance with the instructions stated herein, and in compliance with any Confidentiality Agreement the parties may enter into.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Compel (Doc. #61) is **GRANTED** with the limitations stated above, including the redacting of all Social Security numbers, addresses, phone numbers, and income information, and the removal of medical documents from the produced files.

**DONE AND ORDERED** at Fort Myers, Florida, this  17th  day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

9