UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

                Plaintiff,

vs.                                    Case No.   2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant 7-Eleven, Inc.'s Motion for Summary Judgment (Doc. #69) filed on November 29, 2010.  Plaintiff's Memorandum of Law in Opposition (Doc. #78) was filed on January 10, 2011.  For the reasons set forth below, the motion is denied.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories,

admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999), quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts"). "If a reasonable fact finder evaluating

the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315 (11th Cir. 2007).

Defendant 7-Eleven, Inc. (defendant or 7-Eleven) seeks dismissal of Counts III and VI of the Amended Complaint, which allege disparate impact claims, because (1) plaintiff failed to exhaust his administrative remedies, (2) plaintiff failed to present statistical evidence, (3) plaintiff failed to show that defendant's decisions had a disproportionate impact on a group, and (4) 7-Eleven has shown that its decisions were justified by business necessity. Defendant seeks summary judgment as to Counts II and V because (1) plaintiff cannot establish a prima facie case of disability discrimination since there is no evidence that plaintiff's disability played any part in the decision to terminate his employment, and (2) even if plaintiff is able to establish a prima facie case, plaintiff has not shown 7-Eleven's reasons for termination were a pretext for discrimination. Defendant also seeks summary judgment as to Counts I and IV, which allege failure to accommodate plaintiff's disability, because plaintiff was in fact reasonably accommodated by 7-Eleven.

Defendant also sought summary judgment as to Counts VII and VIII, which allege age discrimination, because of a lack of evidence that plaintiff's age was the "but-for" cause of his

termination. In response, plaintiff voluntarily dismissed these counts. (Doc. # 78, p.1). Accordingly, Counts VII and VIII will be dismissed without prejudice.

After careful review of the record, the Court finds that there are genuine issues of material fact which preclude summary judgment, and that 7-Eleven is not entitled to judgment as a matter of law as to any of the remaining counts based upon the material facts which are undisputed. The Court has previously denied defendant's motion to dismiss Counts III and VI (Doc. #55), and there is no reason presented why that decision should be changed.

Accordingly, it is now

**ORDERED**:

1. Defendant 7-Eleven, Inc.'s Motion for Summary Judgment (Doc. #69) is **DENIED**.

2. Counts VII and VIII are dismissed without prejudice. The Clerk shall withhold the entry of judgment pending the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of April, 2011.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record