UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

                Plaintiff,

vs.                                Case No. 2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Reference to Application/Receipt of Social Security Disability Benefits (Doc. #100) filed on April 11, 2011. Defendant's Opposition (Doc. #104) was filed on April 15, 2011. Plaintiff seeks an order precluding any reference to his application for or receipt of Social Security disability benefits.

Also before the Court is Defendant 7-Eleven, Inc.'s Motion in Limine #1: Defendant's Motion in Limine to Preclude Plaintiff From Recovering Front and Back Pay Damages After August 20, 2008 (Doc. #89). Plaintiff's Opposition (Doc. #107), was filed on April 20, 2011. Defendant seeks an order precluding any evidence as to front or back pay damages after August 20, 2008, the date plaintiff applied for Social Security disability benefits by claiming he was unable to work.

In a broad sense, a motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial

evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). For the reasons set forth below, both motions are denied.

## I.

The ADA prohibits discrimination in regards to the terms, conditions, and privileges of employment against "a qualified individual with a disability because of the disability of such individual . . .." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "An individual is 'qualified' if []he, with or without reasonable accommodation, can perform the essential functions and job requirements of the position the individual holds." Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). Determination of whether plaintiff is an individual "qualified" for a job is a two step process: First, does he satisfy the prerequisites for the position? Second, can he perform the essential functions of his job either with or without reasonable accommodation? Reed v. Heil Co., 206 F.3d 1055, 1062 (11th Cir. 2000); Cramer v. Florida, 117 F.3d 1258, 1264 (11th Cir. 1997). If plaintiff is unable to perform an essential function of his job, even with an accommodation, he is not a qualified individual. Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305

(11th Cir.), cert. denied, 531 U.S. 927 (2000). "Because the ADA reserves its protections for individuals still able to perform the essential functions of a job, albeit perhaps with reasonable accommodation, a plaintiff who is totally disabled and unable to work at all is precluded from suing for discrimination thereunder." Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1280 (11th Cir. 2005).

The Supreme Court has held that receiving social security disability insurance benefits does not automatically estop a plaintiff from claiming discrimination under the ADA. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999). The analysis is not primarily one of estoppel, but rather focuses on whether plaintiff can show that he is a "qualified individual with a disability" under the ADA. The Supreme Court held that to defeat a summary judgment motion, a plaintiff who has applied for and received Social Security Disability Insurance benefits must make an explanation as to the apparent inconsistency between his prior claim that he was totally disabled and his current claim that he was a qualified individual who could perform the work with or without an accommodation. The explanation must be sufficient to warrant a reasonable juror's conclusion that, assuming the truthfulness and good faith belief in plaintiff's earlier statement of total disability, plaintiff could nonetheless perform the essential functions of his job, with or without a reasonable accommodation. 526 U.S. at 807.

**II.**

The difficulty with plaintiff's motion is that although application for and receipt of Social Security disability benefits does not automatically preclude him from recovering under the ADA, it is certainly relevant and material evidence to the jury's determination of whether he is a "qualified individual with a disability." Such evidence is probative, and its probative value is not outweighed by the dangers of unfair prejudice, confusion of issues, or confusing the jury under Fed. R. Evid. 403. Defendant's motion suffers from the same problem: Application for and receipt of Social Security disability benefits does not automatically preclude plaintiff from recovering under the ADA. Depending upon its evaluation of the evidence, a jury could find a plaintiff to have been and to be a qualified individual with a disability when given a reasonable accommodation, and therefore eligible for monetary damages after application for and receipt of Social Security disability benefits.

While the Court does not decide the admissibility of any particular exhibit or item of testimony, both motions *in limine* to preclude such evidence on a pretrial basis are denied.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion in Limine to Exclude Reference to Application/Receipt of Social Security Disability Benefits (Doc. #100) is **DENIED.**

2.   Defendant 7-Eleven, Inc.'s Motion in Limine #1: Defendant's Motion in Limine to Preclude Plaintiff From Recovering Front and Back Pay Damages After August 20, 2008 (Doc. #89) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record