UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

            Plaintiff,

vs.                            Case No. 2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

            Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion in Limine #3: Motion to Preclude Plaintiff From Asserting A Claim for Punitive Damages at Trial or, in the Alternative, to Strike Plaintiff's Claims for Punitive Damages (Doc. #91), filed on April 11, 2011. Defendant seeks to strike plaintiff's claim for punitive damages because (1) plaintiff failed to properly plead a claim for punitive damages under Fed. R. Civ. P. 8(a)(3); (2) plaintiff cannot demonstrate defendant is vicariously liable for the alleged discrimination of its employee; and (3) punitive damages would be improper because defendant "undisputedly engaged in a good faith effort to comply with Federal and State anti-discrimination laws." (Doc. #91, p. 1.) Plaintiff's Opposition (Doc. #109) was filed on April 20, 2011.

While courts sometimes refer to a "claim" for punitive damages, there is no such free-standing claim for relief. Rather, punitive damages is a component of the relief sought as to various

causes of action.  While a claim must be stated with sufficient factual detail to be plausible, Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010), Rule 8(a)(3) merely requires "a demand for the relief sought."  The pleading rules set forth in Rule 8(a)(3) preempts Florida pleading requirements concerning a prayer for punitive damages.  Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1340 (11th Cir. 2001).  "Special damages," however, must be "specifically stated."  Fed. R. Civ. P. 9(g). If defendant wanted to raise a pleading deficiency as to punitive damages, it should have done so in a motion to dismiss or perhaps a timely motion to strike under Fed. R. Civ. P. 12(f)(2).  The Court has already determined that plaintiff has sufficiently plead punitive damages (Doc. #64).

Similarly, if punitive damages are not available based upon the undisputed evidence and if there is no evidence supporting vicarious liability, as defendant asserts, these issues should have been raised in a timely motion for summary judgment, not in a motion in limine.  A motion *in limine* seeks to exclude anticipated prejudicial evidence before it is actually offered, Luce v. United States, 469 U.S. 38, 40 n.2 (1984), not to determine the sufficiency of the evidence or merits of an issue.

Accordingly, it is now

**ORDERED**:

Defendant's Motion in Limine #3: Motion to Preclude Plaintiff From Asserting A Claim for Punitive Damages at Trial or, in the Alternative, to Strike Plaintiff's Claims for Punitive Damages (Doc. #91) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of April, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record