UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

                Plaintiff,

vs.                                      Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                Defendant.
_____

**ORDER**

This matter comes before the Court on Defendant 7-Eleven, Inc.'s Motion in Limine #4:  Motion to Have Court Decide Any Award of Back or Front Pay and To Exclude Front Pay and Back Pay Evidence from the Jury (Doc. #92) filed on April 11, 2011.  Plaintiff's responsive Memorandum (Doc. #108) was filed on April 20, 2011.

The Eleventh Circuit has noted that the Supreme Court has found that "back pay" and "front pay" are "essentially the same thing."  Brochu v. City of Riviera Beach, 304 F.3d 1144, 1163 n.32 (11th Cir. 2002)(citing Pollard v. E. I. du Pont de Nemours & Co., 532 U.S. 843, 853 (2001)).  Thus, the pay-related award which calculates lost compensation from the wrongful conduct to the date of the judgment is typically called "back pay", while the money awarded for lost compensation during the period between judgment and reinstatement, or in lieu of reinstatement, is called "front pay."

Plaintiff concedes that front pay is an equitable remedy for the court, not the jury under the ADA. The Court agrees, <u>EEOC v. W & O, Inc.</u>, 213 F.3d 600, 618-19 (11th Cir. 2000), but declines plaintiff's request for an advisory jury as to front pay. The issue of "back pay" from the date of the unlawful employment action to the date of trial has been determined by the jury, as was done in <u>Brochu</u>, 304 at 1162 n. 31, and by the Court, as in <u>Lathem v. Dep't of Children & Youth Servs.</u>, 172 F.3d 786, 793-94 (11th Cir. 1999). In the absence of more definitive binding authority, the Court will submit the issue of back pay, as defined above, to the jury.

Accordingly, it is now

**ORDERED**:

Defendant 7-Eleven, Inc.'s Motion in Limine #4:  Motion to Have Court Decide Any Award of Back or Front Pay and To Exclude Front Pay and Back Pay Evidence from the Jury (Doc. #92) is **GRANTED** in part and **DENIED** in part.  The issue of front pay under the ADA will be determined by the court, while the issue of back pay will be submitted to the jury.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record