UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

        Plaintiff,

vs.   Case No. 2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

        Defendant.
_____

**ORDER**

This matter comes before the Court on Defendant 7-Eleven, Inc.'s Motion in Limine #5: Motion to Bifurcate Trial and Preclude Plaintiff from Presenting Testimony Regarding Damages During the Liability Phase of Trial (Doc. #93) filed on April 11, 2011. Plaintiff's Memorandum of Law in Opposition (Doc. #116) was filed on April 22, 2011.

Federal Rule of Civil Procedure 42(b) allows for discretionary bifurcation "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision to grant or deny a motion to separate issues of damages and liability under Rule 42(b) is a matter within the court's discretion. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1301 (11th Cir. 2001).

The Supreme Court of Florida in <u>W.R. Grace & Co. v. Waters</u>, set forth the procedure by which punitive damages in Florida are to be submitted to a jury:

> We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same jury should then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable. At this second stage, evidence of previous punitive awards may be introduced by the defendant in mitigation . . .

<u>W.R. Grace & Co. v. Waters</u>, 638 So. 2d 502, 505 (Fla. 1994). While this procedure is not binding upon a federal trial court, it makes a great deal of sense. Therefore, the motion will be granted in part, to the extent that the Court will utilize the procedure described in <u>W.R. Grace & Co.</u>. On the other hand, the Court finds no reason to bifurcate the trial as to all evidence of damages, and that portion of the motion will be denied.

Accordingly, it is now

**ORDERED**:

Defendant 7-Eleven, Inc.'s Motion in Limine #5: Motion to Bifurcate Trial and Preclude Plaintiff from Presenting Testimony Regarding Damages During the Liability Phase of Trial (Doc. #93) is **GRANTED** in part to the extent that the Court will follow the

procedure described in W.R. Grace & Co. v. Waters, 638 So. 2d 502, 505 (Fla. 1994) and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record