UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES SOLIDAY,

                Plaintiff,

vs.                                Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Award of Front-Pay, Prejudgment Interest, and Entry of Final Judgment (Doc. #155) filed on July 23, 2011. Defendant 7-Eleven, Inc.'s Brief in Opposition (Doc. #157) was filed on August 11, 2011, to which plaintiff filed a Reply (Doc. #167) on August 24, 2011. Defendant 7-Eleven, Inc.'s Sur-Reply (Doc. #168) was filed on September 6, 2011. Additionally, plaintiff filed Supplemental Authority (Doc. #156), to which defendant filed a Response (Doc. #158).

**I.**

On June 23, 2011, a jury found that plaintiff had a disability and was a qualified individual; that plaintiff informed defendant of the substantial limitations arising out of his disability and identified and requested a reasonable accommodation which would have allowed plaintiff to perform the essential functions of the job; and that defendant unreasonably refused to provide the

requested accommodation.  (Doc. #147-2.)  The jury also found that plaintiff was discharged from employment by defendant, and that plaintiff's disability was the motivating factor that prompted the discharge.  (Id.)  The jury awarded $178,000.00 in damages for a net loss of wages and benefits up to the date of trial, and $756,000.00 for emotional pain and mental anguish.  (Id.)  The jury declined to award punitive damages, finding defendant had acted in a good faith  attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination.  (Id.)

Plaintiff now seeks entry of a final judgment which includes those damages plus equitable relief in the form of front pay and prejudgment interest.  Plaintiff argues that reinstatement is not a feasible remedy, and seeks front pay for thirteen (13) years, or until he is 70 years old, in the amount of $502,397.00. Alternatively, should front pay be awarded until he is 66 years old, plaintiff requests the amount of $431,783.00.  Plaintiff also seeks prejudgment interest of $30,861.49.

Defendant opposes all the requested equitable relief. Defendant does not address reinstatement, but asserts that defendant is not eligible for front pay because he has not been an active participant in the workforce since August 20, 2008, based upon his award of social security disability benefits.  Defendant also argues that plaintiff has failed to mitigate his damages by using reasonable diligence in seeking employment, is judicially

estopped from claiming he was able to work based on sworn statements in connection with the Social Security disability, and that the amount of requested front pay is excessive and based upon unreliable expert opinion.

## II.

The purpose of the Americans with Disabilities Act (ADA) is the same as that of the Age Discrimination in Employment Act (ADEA), Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1338 (11th Cir. 1999) which "is to make the plaintiff whole, to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." Wilson v. S & L Acquisition Co., L.P., 940 F.2d 1429, 1438 (11th Cir. 1991). Having been awarded damages from the date of the unlawful employment action through the date of trial, plaintiff is further entitled to either reinstatement or front pay in order to make him truly whole. Brochu v. City of Riviera Beach, 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). Both reinstatement and front pay are equitable remedies within the sound discretion of the trial court. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 847-48 (2001); Ramsey v. Chrysler First, Inc., 861 F.2d 1541, 1545 (11th Cir. 1988); Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1563 (11th Cir. 1988).

"The preferred equitable remedy to achieve this purpose is reinstatement instead of front pay. The general rule is that

prospective damages are awarded in lieu of reinstatement when it is not feasible to reinstate the employee." Wilson, 940 F.2d at 1432 (citations and internal quotation marks omitted).   The Eleventh Circuit has discussed this in some detail:

> Previously, we have explained that reinstatement offers the most likely means of making a plaintiff whole by allowing her to continue her career as if the discrimination had not occurred. See Allen v. Autauga County Bd. of Educ., 685 F.2d 1302, 1305-06 (11th Cir. 1982). In Allen, we observed that "when a person loses [ ][her] job, it is at best disingenuous to say that money damages can suffice to make that person whole. The psychological benefits of work are intangible, yet they are real and cannot be ignored." Id. at 1306.
>
> As a result, we have fashioned a rule of " 'presumptive reinstatement' in wrongful discharge cases" for victorious plaintiffs. Williams v. Roberts, 904 F.2d 634, 639 (11th Cir. 1990) (explaining that this rule "follows the notion that money damages will seldom suffice to make whole persons who are unlawfully discriminated against in the employment environment") (citing Darnell v. City of Jasper, 730 F.2d 653, 655 (11th Cir. 1984)); see also Goldstein, 758 F.2d at 1448 (stating that reinstatement is the " preferred remedy for discriminatory discharge" in ADEA cases)(emphasis added); Williams v. City of Valdosta, 689 F.2d 964, 977 (11th Cir. 1982) (holding that "in this circuit, the law is clear that a plaintiff so discriminated against in the employment context is normally entitled to reinstatement and back pay, absent special circumstances warranting the denial of equitable relief"); Allen, 685 F.2d at 1305 (noting that "[m]any other cases that bind us have reached the same conclusion: reinstatement is a basic element of the appropriate remedy in wrongful employee discharge cases and, except in extraordinary cases, is required").
>
>         However, reinstatement is not always required as equitable relief. We have recognized that when extenuating circumstances warrant, a trial court may award a plaintiff front pay in lieu of reinstatement. See Castle, 837 F.2d at 1562 (noting that reinstatement may not be "a viable form of relief due to the surrounding circumstances"). Such circumstances include situations where "discord and antagonism between the parties would

render reinstatement ineffective as a make-whole remedy."
Goldstein, 758 F.2d at 1449; see also Wilson v. S&L
Acquisition Co., 940 F.2d 1429, 1438 (11th Cir. 1991)
(recognizing that "[t]he general rule is that prospective
damages are awarded in lieu of reinstatement when it is
not feasible to reinstate the employee"); Mt. Haskins v.
City of Boaz, 822 F.2d 1014, 1015 (11th Cir. 1987)
(noting that front pay "is an appropriate [equitable]
remedy when reinstatement is impracticable or
inadequate") (citation omitted). Yet we do require that
a trial court "carefully articulate" its reasons for
awarding front pay in lieu of reinstatement. See
Verbraeken, 881 F.2d at 1052 (citing Dickerson v. Deluxe
Check Printers, Inc., 703 F.2d 276, 280 (8th Cir. 1983)).

Farley, 197 F.3d at 1338-39.  Farley continued, stating:

[W]e emphasize that the presence of some hostility
between parties, which is attendant to many lawsuits,
should not normally preclude a plaintiff from receiving
reinstatement. Defendants found liable of intentional
discrimination may not profit from their conduct by
preventing former employees unlawfully terminated from
returning to work on the grounds that there is hostility
between the parties. [ ] To deny reinstatement on these
grounds is to assist a defendant in obtaining his
discriminatory goals.

Id. at 339 (citations omitted).

    The Court finds that this is not the extraordinary case where

reinstatement is not feasible.  The case was extensively litigated,

to be sure, but there is simply no convincing reason plaintiff

cannot resume working for defendant with the reasonable

accommodations required by law, and every reason why he should do

so.  Having presided over the trial, as well as the pretrial

proceedings, the Court is satisfied that the factual circumstances

of this case do not render reinstatement an unworkable option for

either side.  7-Eleven believed it could do what it did, but was

incorrect.  The Court agrees with 7-Eleven that plaintiff is able to work (Doc. #157, pp. 11-12), including working for 7-Eleven with the required accommodations.  As is usually the case, a trial takes its toll on all parties.  It is simply time for both sides to get over it and get back to work, literally.  Accordingly, the Court grants front pay only until reinstatement, and orders that plaintiff be reinstated.

The interim front pay is calculated as follows: The Court finds that defendant's average salary number is more accurate, and therefore the $68,930 figure will be utilized.  While the Court agrees that plaintiff is entitled to lost fringe benefits as part of his front pay award, plaintiff also has the burden of producing evidence that substantiates his request.  Here, plaintiff has provided evidence regarding the estimated cost to his employer for his fringe benefits, not evidence regarding the value of the benefits he would have received had he continued to be employed by defendant.  Therefore, the only fringe benefit that the Court will include in the front pay calculation is the $3,421.00 contributed by defendant annually as a 401(K) matching contribution.  Thus, the total interim front pay amount is $72,351.00 per year.

### III.

Plaintiff also requests prejudgment interest on his back pay award, and calculates the amount at $30,861.49.  (Doc. #155, p.19.) Defendants do not contest the Court's discretionary authority to

award prejudgment interest, but argues that the rate of interest used by plaintiff is incorrect.

Prejudgment interest on an award of back pay is available as a remedy in an employment discrimination case, and its award is a matter within the discretion of the Court. Lindsey v. Am. Cast Iron Pipe Co., 810 F.2d 1094, 1101 (11th Cir. 1987). There is no federal statute mandating the prejudgment interest rate, and therefore the Court also has the discretion to determine the rate of interest. Werner Enters., Inc. v. Westwind Marine Int'l, Inc., 554 F.3d 1319, 1328 (11th Cir. 2009); Smith v. Am. Int'l Life Assurance Co., 50 F.3d 956, 958 (11th Cir. 1995). "That decision is guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest." Werner Enters., 554 F.3d at 1328-29 (citations and internal quotation marks omitted).

Plaintiff urges the Court to award prejudgment interest under Florida law, a rate which varies between 6% and 11% for the relevant time period. Other Circuits which have considered the issue have concluded that where liability exists under both federal and state law, it is more appropriate to consider applicable federal standards in fashioning an interest award. See, e.g., Thomas v. iStar Fin., Inc., 629 F.3d 276, 280 (2d Cir. 2010); Conway v. Electro Switch Corp., 825 F.2d 593, 602 (1st Cir. 1987).

In employment discrimination cases, the Eleventh Circuit has looked to the rate set forth in 28 U.S.C. § 1961.  McKelvy v. Metal Container Corp., 854 F.2d 448, 453 (11th Cir. 1988).  On remand, the District Court applied § 1961(c)(1).  McKelvy v. Metal Container Corp., 125 F.R.D. 179 182, (M.D. Fla. 1989).  That subsection refers to 26 U.S.C. § 6621, which contains the provision of the Internal Revenue Code that determines the rate of interest applied to over-payments and under-payments of income taxes to the federal government.

The Court finds that the over-payment rate, which is effectively the rate at which one lends money to the government, to be a more accurate approximation of the rate of return one would have likely achieved over the back-pay period through reasonably safe market investment.  See, e.g, Taylor v. Cent. Pa., Drug & Alcohol Servs. Corp., 890 F. Supp. 360, 369 (M.D. Pa. 1995)(citing E.E.O.C. v. Guardian Pools, Inc., 828 F.2d 1507, 1512 (11th Cir. 1987) and finding that interest based on the overpayment rate is a better reflection of lost investment opportunities); But cf. Armstrong v. Charlotte Cnty. Bd. of Cnty. Comm'rs, 273 F. Supp. 2d 1312, 1317 (M.D. Fla. 2003)(finding that prejudgment interest should be calculated pursuant to § 6621, but applying the underpayment rather than the overpayment rate).[1]  The Court has

---

[1]The rates for the relevant time periods are available at: http://www.irs.gov/newsroom/article/0,,id=244259,00.html. (Revenue (continued...)

averaged the quarterly overpayment rate for 2008, 2009, 2010, and 2011 and compounded the interest annually as set forth below:

| Back Pay Interest Year | Back Pay Amount (Based Upon Economic Award) | Running Total: Back Pay Amount + Prior Year's Total + Prior Year's Interest Amount | Average Yearly Overpayment Interest Rate | Interest Amount (Running Total x Interest Rate) |
|---|---|---|---|---|
| (08/19/08-12/31/08) | $22,978.32 | $22,978.32 | 5.50% | $ 1,263.81 |
| (01/01/09-12/31/09) | $ 62,590.20 | $ 86,832.33 | 4.25% | $ 3,690.37 |
| (01/01/10-12/31/10) | $ 62,590.20 | $ 153,112.90 | 4% | $ 6,124.52 |
| (01/01/11-06/23/11) | $ 29,837.52 | $ 189,074.94 | 3.50% | $ 6,617.62 |
| | | Total | | $ 17,696.32 |

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Award of Front-Pay, Prejudgment Interest, and Entry of Final Judgment (Doc. #155) is **GRANTED** in part and **DENIED** in part as follows:

(A) The Request for front-pay is **DENIED**, except for interim front pay as set forth below;

(B) Defendant shall reinstate plaintiff to employment at the first available comparable position with comparable pay and benefits to that which plaintiff was receiving as of the date of his termination.

---

[1](...continued)
Ruling 2011-18, p. 10.)

(C) Plaintiff's request for prejudgment interest is **GRANTED**, and the amount is $17,696.32.

(D) Until reinstatement, defendant shall pay plaintiff $6,029.25 monthly in interim front pay.

(E) The request for entry of final judgment is **GRANTED**. The Clerk of Court shall enter judgment in favor of plaintiff and against defendant as follows in accordance with the April 20, 2011 Opinion and Order (Doc. #110), the June 23, 2011 Jury Verdict and this Opinion and Order:

i.  Counts III and IV are dismissed without prejudice;

ii.  Plaintiff is awarded $178,000.00 in compensatory damages and $756,000.00 for emotional pain and mental anguish;

iii.  Plaintiff is awarded $17,696.32 in prejudgment interest and $6,029.25 per month in interim front pay until reinstatement. Defendant shall reinstate plaintiff to employment at the first available comparable position with comparable pay and benefits to that which plaintiff was receiving as of the date of his termination.  The Clerk is further directed to close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD