```
                      UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS DIVISION

JAMES SOLIDAY,

                      Plaintiff,

vs.                                   Case No.  2:09-cv-807-FtM-29SPC

7-ELEVEN, INC.,

                      Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant 7-Eleven, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, For a New Trial (Doc. #180) filed on November 11, 2011. Plaintiff's Memorandum of Law in Opposition (Doc. #199) was filed on December 7, 2011. Defendant filed a Notice of Supplemental Authority (Doc. #202) on April 20, 2012.

Also before the Court is Defendant 7-Eleven, Inc.'s Motion for Remittitur (Doc. #181), filed on November 11, 2011. Plaintiff's Memorandum of Law in Opposition (Doc. #194) was filed on November 23, 2011.

**I.**

Defendant 7-Eleven, Inc. (defendant or 7-Eleven) asserts that the Court should grant judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) because the evidence was legally insufficient to support the verdict of the jury. As to the termination of employment claims, 7-Eleven argues that plaintiff failed to

establish a prima facie case, failed to establish relevant comparators, failed to show that the relevant decision-makers were aware of Loss Prevention investigations, and failed to prove that 7-Eleven's proffered reasons for terminating his employment were pretextual.  As to the reasonable accommodation claims, 7-Eleven argues that plaintiff was able to perform the essential functions of his job, that neither instant communication nor fax machines were an essential function of the job, that additional accommodation was not reasonable or required because plaintiff claimed he performed his job satisfactorily, and plaintiff was not entitled to the accommodation of his choice.  Defendant also argues that the Court should enter a judgment as a matter of law in its favor as to back pay and reinstatement.

A Rule 50 judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party.  <u>Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.</u>, 496 F.3d 1231, 1251 (11th Cir. 2007).  "[I]n deciding on a Rule 50 motion a District Court's proper analysis is squarely and narrowly focused on the sufficiency of evidence."  <u>Chaney v. City of Orlando</u>, 483 F.3d 1221, 1227 (11th Cir. 2007).  As such, "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who

prevailed at trial." Id. at 1228. The Court looks at the record evidence drawing all inferences in favor of the nonmoving party. Nurse "Be" v. Columbia Palms W. Hosp. L.P., 490 F.3d 1302, 1308 (11th Cir. 2007). A jury verdict "must be left intact if there is evidence from which the decision maker . . . reasonably could have resolved the matter the way it did." Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1264 (11th Cir. 2008). Even if the evidence would have supported a verdict for the losing party, "[t]he issue is not whether the evidence was sufficient for [the losing party] to have won, but whether the evidence was sufficient for it to have lost." Id.

The Court finds that 7-Eleven has not satisfied these standards as to any of its claims for judgment as a matter of law. While the evidence at trial was disputed, it was sufficient for a reasonable jury to reach the decisions it did as to termination, reasonable accommodation, and damages. The Court continues to find that it is authorized to require reinstatement in lieu of the requested front pay. Defendant's renewed motion for judgment as a matter of law is denied.

**II.**

Alternatively, 7-Eleven seeks a new trial because the verdict is against the weight of the evidence and the damages awarded by the jury were excessive. The Court finds that a new trial is not warranted in this case.

A Rule 59 motion for a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . . ." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include a verdict which is against the weight of the evidence and excessive damages. Resolution of a motion for a new trial is committed to the discretion of the trial court. Montgomery v. Noga, 168 F.3d 1282, 1295 (11th Cir. 1999). A district court should grant a motion for new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice . . . Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great - not merely the greater - weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)(internal quotations and citation omitted).

The Court concludes that the verdict in this case was not against the great weight of the evidence. Additionally, for the reasons set forth below, the Court finds that the damages awarded by the jury were not excessive. Defendant's motion for a new trial is denied.

**III.**

As an alternative to its Rule 50(b) motion for judgment as a matter of law, 7-Eleven seeks an order of remittitur of the jury's compensatory ($756,000) and back pay ($177,000) damages awards. 7-Eleven argues that this was a "garden variety" case in which the jury's determination of compensatory damages was "monstrously excessive" when viewed against the ADA statutory cap ($300,000), common law factors, statutory factors, and comparable cases. Plaintiff responds that his case is not a "garden variety" case, and that the damages are in line with whatever factors one chooses to apply as well as comparable cases.

As a general rule, "a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence."  Rodriguez, 518 F.3d at 1266 (internal citation omitted).  "Once a defendant is found liable for the plaintiff's injury, the district court has a great deal of discretion in deciding the level of damages to be awarded." Ferrill v. Parker Grp., Inc., 168 F.3d 468, 476 (11th Cir. 1999) (citing Stallworth v. Shuler, 777 F.2d 1431, 1435 (11th Cir. 1985)).  "A jury verdict may be vacated as excessive only if it is so large as to shock the conscience."  Sykes v. McDowell, 786 F.2d 1098, 1105 (11th Cir. 1986)(quotation marks and citation omitted).  The Court finds that neither the back pay nor the compensatory damages are so large as

to shock the conscience of the court.  A reasonable jury could view the evidence in such a way as to amply justify both awards.  The motion for remittitur is denied.

Accordingly, it is now

**ORDERED**:

1. Defendant 7-Eleven, Inc.'s Renewed Motion for Judgment as a Matter of Law, or, in the Alternative, For a New Trial (Doc. #180) is **DENIED**.

2. Defendant 7-Eleven, Inc.'s Motion for Remittitur (Doc. #181) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 21st day of August, 2012.

 /s/ John E. Steele
 JOHN E. STEELE
 United States District Judge

Copies:
Counsel of record